In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 24-2235

ANDREW THAYER, KRISTI KEORKUNIAN, and LINDA LOEW,

*Plaintiffs-Appellants,*

*v.*

CITY OF CHICAGO, ILLINOIS; TOM CARNEY, Commissioner of the Chicago Department of Transportation; and LARRY SNELLING, Superintendent of the Chicago Police Department,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 24 CV 3563 — **Thomas M. Durkin**, *Judge.*

———————————

SUBMITTED AUGUST 6, 2024 — DECIDED AUGUST 7, 2024

———————————

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit Judges.*

PER CURIAM. The Democratic National Convention will be held in Chicago from August 19 through August 22, 2024. Both the Chicago Police Department and the Secret Service have roles in protecting the persons attending the Convention or close to its venues. They have established security

perimeters and issued lists of items that people will not be permitted to possess inside the perimeters.

The City's list, enacted as part of an ordinance, comprises:

- Laptops, Tripods, Monopods, and Selfie Sticks *If an invited guest arrives with a tablet, they will be redirected to the X-ray line for screening and then permitted entry with the tablet.

- Large Bags and Suitcases exceeding size restrictions (18″ x 13″ x 7″)

- Sealed packages

- Drones and other Unmanned Aircraft Systems

- Animals other than service/guide dogs

- Bicycles, Scooters, Folding Chairs, Balloons, Coolers

- Glass, Thermal, or Metal Containers

- Umbrellas with metal tips

- Any pointed object(s), including knives of any kind

- Aerosols, Tobacco Products, e-Cigarettes, Lighters, Matches

- Firearms, Ammunition, Fireworks, Laser Pointers, Stun Guns, Tasers, Mace/Pepper Spray, Toy Weapons

- Tents and Structures

- Any Other Items Determined by Chicago Superintendent of Police, in consultation with the United States Secret Service and the Chicago

Office of Emergency Management and Communications, to be Potential Safety Hazards.

The Secret Service has its own list, which appears on the City's web site:

- Aerosols

- Ammunition

- Animals (other than service/guide animals)

- Backpacks and bags exceeding size restrictions

- Balloons

- Bicycles

- Coolers

- Drones and other unmanned aircraft systems

- Explosives

- Firearms

- Glass, thermal, or metal containers

- Laser pointers

- Mace/Pepper spray

- Packages

- Signs exceeding size restrictions (20' x 3' x ¼" )

- Structures

- Supports for signs and placards

- Toy guns

- Weapons of any kind

- Any other items determined to be a potential safety hazard

The three plaintiffs in this suit, who assert that they plan to participate in marches or protests at or near the Convention, contend that the City's list is unconstitutionally vague. The district court denied plaintiffs' request for a preliminary injunction, 2024 U.S. Dist. Lᴇxɪs 128036 (N.D. Ill. July 19, 2024), and they appeal.

Plaintiffs are particularly exercised by the reference to "pointed object(s)" in Chicago's list. What about ballpoint pens, they ask? What about the buttons and badges that are ubiquitous at political conventions (and protest marches), and which often are secured with safety pins? Are they really going to be stripped of writing tools anywhere near the Convention—or, worse, arrested for the temerity of wearing buttons bearing political slogans?

The problem with this kind of argument is that no list, however long, can be complete. Suppose Chicago added an exception for pens. That might leave interpretive problems if someone brought a tactical pen that had been sharpened until it had the penetrating ability of an ice pick. What if the pen contained tear gas instead of ink? To make sure that no one is misled, the City would need to make exceptions to the "pen exception," and then exceptions to the exceptions.

As plaintiffs see it, this sort of exercise is constitutionally necessary so that no one is beset by uncertainty. Yet courts do not use vagueness doctrine to establish a rule that government cannot regulate *anything* until it classifies *everything*. The list of items in the set "everything" is almost infinitely long. Regulation is not so hobbled. If a statute or rule has a core of

ascertainable meaning, it may be applied while people work out the marginal situations one at a time. E.g., *Johnson v. United States*, 576 U.S. 591, 602–04 (2015); *United States v. Powell*, 423 U.S. 87 (1975); *Indiana University v. Curry*, 918 F.3d 537, 540 (7th Cir. 2019).

The City's list has a core of ascertainable meaning. It covers weapons (projectile weapons, cutting or stabbing weapons, stunning weapons, blinding weapons, and chemical weapons), explosives, packages that can conceal bombs or guns, and many other things that do not cause our plaintiffs any interpretive distress. Even the phrase "pointed object(s)" on its own has a core of ascertainable meaning (think steak knives, box cutters, razor blades, and ice picks), and the ordinance also supplies the basis (safety) for resolving edge cases.

Plaintiffs have not been stopped or compelled to surrender anything. They have elected to wage a facial challenge. To get anywhere with such a challenge, even when speech is at stake, the plaintiff must show that "a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 615 (2021). See also *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024). Yet our three plaintiffs have not even *argued* that most of the list's categories are invalid, let alone that the problematic items are substantial in relation to the valid ones. That knocks out any entitlement to challenge this list on its face.

One can imagine problems if the police start to seize felt-tip pens or buttons held on by safety pins. One can imagine problems if Chicago's Superintendent of Police were to issue a supplemental list and keep it confidential; secret law creates issues distinct from vagueness. But plaintiffs do not assert

that either the Superintendent or the Secret Service has issued a confidential supplement to the public lists. Difficulties that might crop up can be left for another day—if only because plaintiffs lack standing to contest rules that have yet to be adopted and may never be adopted.

Chicago says that the plaintiffs lack standing to challenge even the published lists. We disagree with that contention because plaintiffs tell us that they plan to attend the Convention with pens, buttons, and similar objects. The City's list, as written, may well discourage them from doing so (the "chilling effect" discussed in many opinions). Plenty of opinions entertain and resolve vagueness arguments of the sort our plaintiffs present. E.g., *Brown v. Kemp*, 86 F.4th 745 (7th Cir. 2023); *Center for Individual Freedom v. Madigan*, 697 F.3d 464 (7th Cir. 2012); *Bell v. Keating*, 697 F.3d 445 (7th Cir. 2012). Their problem is not lack of standing but lack of merit. The City's list has a (large) core of ascertainable meaning; potentially problematic applications are not "substantial" in relation to the valid ones; plaintiffs therefore cannot prevail.

AFFIRMED